IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COLLEEN STROEDER, | No. 3:19-cv-01181-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 503, OREGON PUBLIC EMPLOYEES UNION; KATE BROWN, in her official capacity as Governor of Oregon; PAUL MATHER, in his Official capacity as acting director of the Oregon Department of Transportation; and KATY COBA, in her official capacity as Director of the Oregon Department of Administrative Services, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Plaintiff brings this action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) against

Defendants Kate Brown, Paul Mather, and Katy Coba ("State Defendants") and Service

Employees International Union, Local 503, Oregon Public Employees Union (SEIU). Plaintiff alleges that Defendants violated her First Amendment rights to free speech and freedom of association when they continued to deduct dues from her wages after she resigned her union membership following the Supreme Court's decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Before the Court is State Defendants' motion to dismiss [24]. For the reasons that follow, the motion is granted, and State Defendants are dismissed from this case.

## BACKGROUND

Plaintiff Colleen Stroder began working for the Oregon Department of Transportation (ODOT) in 2008. Compl. ¶ 5, ECF 1. When she started the job, she also joined the Service Employees International Union Local 503, Oregon Public Employees Union ("SEIU"). Compl. ¶¶ 12–14. As part of joining the union, Plaintiff signed a union membership application card. Compl. ¶ 14. On September 19, 2017, she renewed her membership and signed another union membership application card. Compl. ¶ 17. This card included a "dues irrevocability provision" that provided that Plaintiff could opt out of union dues only during a 15-day window each year. Compl. ¶ 19, 27. Plaintiff remained a member of SEIU until August 28, 2018, when she resigned her membership following the Supreme Court's decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Compl. ¶ 18. However, under the terms of the agreement—specifically, the dues irrevocability provision—SEIU informed Plaintiff that she could not end her dues deductions until August 3, 2019. Compl. ¶¶ 18–25. On August 20, 2019, Defendants stopped deducting union dues and fees from Plaintiff's wages. Pye Decl. ¶¶ 4–5, ECF 25.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party may challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion may attack the

substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979–80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, a court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

Mootness is a question of subject matter jurisdiction properly raised under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## DISCUSSION

Plaintiff brings a single claim for injunctive and declaratory relief against State Defendants. Plaintiff argues that Defendants violated Plaintiff's First Amendment rights to free speech and freedom of association "[b]y refusing to allow Plaintiff to withdraw from the Union and end her dues deduction until a specified time." Compl. ¶¶ 30–44. State Defendants move to dismiss the claim against them as moot.[1]

"Article III of the Constitution limits federal courts to adjudicating actual, ongoing controversies between litigants." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998). Generally, an action is moot "when the issues presented are no longer 'live' or the parties lack a

---

[1] State Defendants also argue that any claim for damages is barred by the Eleventh Amendment. Plaintiff has, however, clarified that she does not seek damages against State Defendants. Pl. Resp. 2.

legally cognizable interest in the outcome." *Lee v. Schmidt–Wenzel*, 766 F.2d 1387, 1389 (9th Cir. 1985) (internal quotations and citations omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

A federal court cannot issue a declaratory judgment if a claim has become moot. *United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 89 (1947); *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1514 (9th Cir. 1994) (overruled on other grounds). A request for declaratory relief becomes moot when the facts alleged fail to show that there is a substantial controversy "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975); *see also Jones Intercable of San Diego v. City of Chula Vista*, 80 F.3d 320, 328 (9th Cir. 1995) (case moot when cable television licensee no longer could or wanted to operate cable system); *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995) (lease sale that was center of controversy canceled for lack of bids with no immediate prospect of another similar lease sale ended case, constitutionally and practically); *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188 (9th Cir. 2000) (after passage of statute prohibiting affirmative action, law school's "abandoned policy" of affirmative action made litigation moot). Similarly, "[c]laims for injunctive relief become moot when the challenged activity ceases if subsequent events have made it clear that the alleged violations could not reasonably be expected to recur." *Ruiz*, 160 F.3d at 549 (quotation omitted); *Chinese for Affirmative Action v. Leguennec*, 580 F.2d 1006, 1009 (9th Cir. 1978).

A claim is does not become moot, however, when it is "capable of repetition yet evading review." *See Honig v. Doe*, 484 U.S. 305, 318–20 (1988); *Roe v. Wade*, 410 U.S. 113, 125

(1973); *Am. Rivers v. National Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999). "The capable of repetition, yet evading review exception to mootness applies only where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Johnson v. Rancho Santiago Community College Dist.*, 623 F.3d 1011 (9th Cir. 2010) (quotation omitted). This rule applies only in "exceptional circumstances," *GTE California, Inc. v. F.C.C.*, 39 F.3d 940, 945 (9th Cir. 1994), and provides "only minimal protection to individual plaintiffs," *Doe v. Att'y General of the United States*, 941 F.2d 780, 784 (9th Cir. 1991).

Plaintiff acknowledges that Defendants have stopped deducting dues from Plaintiff's wages. Plaintiff argues, however, that her claims are "capable of repetition yet evading review." Plaintiff relies in part on *Fisk v. Inslee*, 759 F. App'x 632 (9th Cir. 2019). In *Fisk*, the Ninth Circuit issued an unpublished opinion rejecting defendants' argument that non-damages claims were moot after the defendant union stopped deducting dues from the plaintiffs' wages:

> Appellants' non-damages claims are not moot. Although no class has been certified and SEIU and the State have stopped deducting dues from Appellants, Appellants' non-damages claims are the sort of inherently transitory claims for which continued litigation is permissible. *See Gerstein v. Pugh*, 420 U.S. 103, 111 n.11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (deciding case not moot because the plaintiff's claim would not last "long enough for a district judge to certify the class"); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Indeed, claims regarding the dues irrevocability provision would last for at most a year, and we have previously explained that even three years is "too short to allow for full judicial review." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010). Accordingly, Appellants' non-damages claims are not moot simply because the union is no longer deducting fees from Appellants.

759 F. App'x at 633.

While the facts here are very similar to *Fisk*, they differ in one significant respect: *Fisk* involved a putative class action, where prospective class members presumably remained subject

OPINION & ORDER - 5

to the challenged conduct. Thus, while *Fisk* addressed the first prong of the "capable of repetition, yet evading review" exception (whether the duration of the challenged action is too short to allow full litigation), the court did not address the second prong (whether there is a reasonable expectation that the plaintiffs will be subjected to the challenged action again).

Here, there is no putative class action. Even if Plaintiff has satisfied the first prong of the exception—and this is the sort of inherently transitory claim for which continued litigation is permissible—the Court must still determine whether there is a reasonable expectation that Plaintiff will be subjected to the challenged action again. *See Unabom Trial Media Coal. v. U.S. Dist. Court for the E. Dist. of California*, 183 F.3d 949, 950 (9th Cir. 1999) (exception applies "only when both factors are simultaneously present").

The Court cannot find a reasonable expectation that Plaintiff will be subjected to the challenged action again. Plaintiff is not seeking to recover damages from State Defendants. Plaintiff is no longer a union member, her dues authorization is no longer in effect, and dues are no longer being deducted from her paychecks. In fact, Plaintiff would "have to rejoin [her] union for [her] claim to be live," and, "given [her] representations in this lawsuit, [this] seems a remote possibility." *Babb v. Cal. Teachers Ass'n.*, 378 F. Supp. 3d 857, 886 (C.D. Cal. 2019); *see also Smith v. Bieker*, 18-cv-05472-VC, 2019 WL 2476679, *1 (N.D. Cal. June 13, 2019) (finding similar claims moot). Plaintiff has identified no facts to suggest otherwise. Thus, the claim against State Defendants must be dismissed as moot.

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Court grants State Defendants' Motion to Dismiss [24].

Dated this ___6___ day of ___Dec_____, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge